## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ACTION INDUSTRIES, INC.**                                   **CIVIL ACTION**

**VERSUS**

                                                                    **NO.: 19-00509-BAJ-RLB**

**INNOPHOS, INC.**


### ORDER

Before the Court is Defendant Innophos' **12(b)(3) Motion to Dismiss or, Alternatively, Motion to Stay and Compel Arbitration (Doc. 3)**. Defendant requests that the Court dismiss this matter on the ground that Plaintiff's claims against them are subject to mandatory arbitration. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion to Stay and Compel Arbitration is **GRANTED**.

### I.    BACKGROUND

This matter is a suit on an open account that was filed on July 10, 2019 in the 23rd Judicial District Court for the Parish of Ascension. On August 7, 2019, Defendant removed this matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. §1332. On September 16, 2019, Defendant filed the instant motion, arguing that Plaintiff accepted its Terms and Conditions to engage in a three-step dispute resolution process for any disputes related to the Purchase Order. Defendant argues that the Terms and Conditions were incorporated by reference in the Purchase Order. Plaintiff filed an opposition, asserting that it was not properly put on notice of its

1

acceptance of Defendant's Terms and Conditions of the Purchase Order, which included the arbitration provision. (Doc. 7 at p. 1). Defendant asks the Court to dismiss the case or, in the alternative, stay the litigation and compel the parties to engage in the three-step process allegedly agreed to by the parties.

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires federal courts to enforce arbitration agreements by issuing an order directing the parties to engage in arbitration and staying litigation in any case raising a dispute referable to arbitration. *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 22 (1983).

The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . .

9 U.S.C. § 3.

When considering a motion to compel arbitration, the Court must determine first whether a valid arbitration agreement exists between the parties, and second, whether the dispute is within the scope of the arbitration agreement. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009). "[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears

2

the burden of establishing its invalidity." *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).  Furthermore, "individuals seeking to avoid the enforcement of an arbitration agreement face a high bar." *Id.*

## III.   DISCUSSION

To determine whether parties should be compelled to arbitrate a dispute, courts perform a two-step inquiry. *Will-Drill Res., Inc. v. Samson Res. Co.,* 352 F.3d 211, 214 (5th Cir. 2003). First, a court must determine whether the parties agreed to arbitrate the dispute. *Id.* Upon determining that the parties agreed to arbitrate, a court then must determine whether any federal statute or policy renders the claims nonarbitrable. *Id.*

### A. Whether the Parties Agreed to Arbitrate

For the first step, the court must determine (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Will-Drill Res., Inc.,* 352 F.3d at 214. In considering whether an agreement to arbitrate exists, courts apply ordinary contract principles. *Id.* To determine whether the parties agreed to arbitrate, the Court must decide whether the Terms and Conditions, in this case, as detailed on Defendant's website, were adequately incorporated by reference in the Purchase Order.

As a general rule of contract law, separate documents may be incorporated into a contract by attachment or reference thereto. *Russellville Steel Co., Inc. v. A & R Excavating, Inc.*, 624 So.2d 11, 13 (La. App. 5 Cir. 1993). The laws regarding

incorporation by reference vary by state; therefore, the Court must apply the substantive law of the forum state. In Louisiana, the "incorporation of an arbitration clause by reference to another written contract is a suitable method of evidencing the parties' intent to arbitrate as long as the arbitration clause in the contract referred to has a 'reasonably clear and ascertainable meaning.'" *Id.* (citing *Woodson Const. Co. v. R.L. Abshire Const.*, 459 So. 2d 566 (La. App. 3 Cir. 1984)); See also *Regions Bank v. Weber*, 53 So.3d 1284, 1290 (La. App. 4 Cir. 2010); *Aeneas Williams Imports, L.L.C. v. Carter*, 131 So.3d 894, 896 (La. App. 2 Cir. 2012). The United States Court of Appeals for the Fifth Circuit has recognized that the incorporation of terms and conditions by reference on a purchase order can be considered to be valid, clear and ascertainable. See *One Beacon Ins. Co. v. Crowley Marine Services, Inc.*, 648 F.3d 258 (5th Cir. 2011).

Plaintiff performed work for Defendant pursuant to a Purchase Order stating that it was contingent upon Plaintiff's acceptance of Defendant's Terms and Conditions of purchase. The language at the bottom of the Purchase Order states:

> "Notwithstanding any different or additional terms or conditions in Seller's quotation offer, order acknowledgement, or invoice, this order is made expressly and solely contingent upon Seller's acceptance of the 'Innophos, Inc. Terms and Condition of Purchase' provided previously or as published at www.innophos.com."

See Doc. 3-2, Exhibit A. On Defendant's website, the terms of purchase and sale were available to Plaintiff. Under the section titled, "Disputes," the Terms and Conditions require the parties to engage in a three-step dispute resolution process. The section provides that the parties shall "endeavor in good faith to resolve any dispute,

controversy, or claim arising out of or relating to these Terms and/or the relationship of the parties, or the breach, termination or validity thereof, by an in-person negotiation between executives...." The provision further provides that if the dispute remains unresolved, then the parties shall attempt to resolve the dispute by confidential, non-binding mediation. Any matters remaining unresolved shall then be settled by binding arbitration. See Doc. 3-3, Exhibit. A at p. 4.

Defendant also contends that the Court may compel the parties to engage in the three-step process. Defendant cites *Sierra v. Halliburton Energy Servs., Inc.,* No. 6:17-CV-01002, 2018 WL 4089404, at *1 (W.D. La. Aug. 27, 2018) for support. In *Sierra v. Halliburton,* the parties entered into a Master Purchase Agreement, and the court compelled the parties to engage in a three-step resolution process of negotiation, mediation, and arbitration because the Master Purchase Agreement expressly incorporated language requiring the parties to attempt to resolve disputes through direct negotiation, then mediation if not successful, then arbitration upon the failure of mediation to resolve remaining disputes. *Id.* at 4. The court found that the inclusion of negotiation and mediation as prerequisites to arbitration did not strip an arbitration agreement of its effect. *Id*.

The Court finds that the dispute resolution provision within the Terms and Conditions was properly incorporated by reference in the Purchase Order. The dispute resolution provision is reasonably clear and has an ascertainable meaning. The provision expressly provides, in detail, all steps required. Plaintiff was put on notice of the dispute resolution process because the reference was placed on the front

page of the order in legible font, with some words in all capital letters. Specifically, it provided that the Purchase Order is made contingent on the acceptance of the Terms and Conditions of Purchase.[1]   Although Plaintiff claims that the Terms and Conditions were not provided to it, Plaintiff had access to review the Terms and Conditions through Defendant's easily navigable website, which was listed in the incorporating language. Once Plaintiff entered into the Purchase Order, Plaintiff agreed to abide by the Terms and Conditions. Although negotiation and mediation are prerequisites, the arbitration is the only binding method of resolution. See *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 238 (5th Cir. 2013). Thus, Plaintiff has failed to meet its burden to establish the invalidity of the agreement to arbitrate. The Court further finds that Plaintiff's Suit on Open Account claim falls within the scope of the dispute resolution process because it directly concerns the relationship between the parties and amounts owed pursuant to the Purchase Order.

### B. Plaintiff's Claim is Arbitrable

As for the second step, the Court finds that there is no federal statute or policy rendering Plaintiff's claim for the Suit on Open Account to be nonarbitrable. Because the dispute resolution provision is an arbitration agreement with prerequisites, just as in *Sierra,* the Court will order the parties to engage in the three-step dispute resolution process pursuant to the Terms and Conditions incorporated in the

---

[1] In *One Beacon Ins. Co. v. Crowley Marine Services, Inc.*, 648 F.3d 258, 269 (5th Cir. 2011), the Fifth Circuit found that the terms and conditions of a purchase agreement were clear from the explicit inclusion of language prominently placed on the first page in all capital letters. The Fifth Circuit further found that access to the terms and conditions were available and easily accessible via the company's website.

Purchase Order. The Court will stay proceedings in this matter until the process, including the binding arbitration, is complete.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay and Compel Arbitration is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending the completion of the arbitration process.

Baton Rouge, Louisiana, this 3rd day of June, 2020

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**